# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| FUJIFILM NORTH AMERICA CORPORATION, FUJIFILM CORPORATION, AND FUJIFILM PRINTING PLATE(CHINA) CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 24-00251 |

# COMPLAINT

Plaintiffs Fujifilm North America Corporation, Fujifilm Corporation and Fujifilm Printing Plate(China) Co. Ltd., and (collectively "Fujifilm" or "Plaintiffs") by and through their counsel, state the following claims against Defendant, the United States:

1. Plaintiffs seek judicial review of the U.S. International Trade Commission's ("USITC") affirmative final material injury determination in the antidumping investigation of aluminum lithographic printing plates (ALPs) from China and Japan. This USITC determination was published in the Federal Register on November 18, 2024. *Aluminum Lithographic Printing Plates From China and Japan: Determinations,* 89 Fed. Reg. 90,737 (Nov. 18, 2024). S*ee also Aluminum Lithographic Printing Plates from China and Japan, Inv. Nos. 701-TA-694 and 731-TA-1641-1642 (Final),* USITC Pub. 5559 (Nov. 2024) ("Views and Final Report").

2. The U.S. Department of Commerce ("Commerce" or the "Department") published its notice of the antidumping duty order on ALPs from China and Japan a few days later. *See Aluminum Lithographic Printing Plates From Japan and the People's Republic of China: Antidumping Order; Aluminum Lithographic Printing Plates From the People's Republic of China: Countervailing Duty Order,* 89 Fed. Reg. 92,624 (Nov. 22, 2024) ("AD Order").

## JURISDICTIONAL STATEMENT

3. The Court has jurisdiction over this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and (B)(i) to review a final affirmative determination made by the USITC under 19 U.S.C. § 1671d(b). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4. Plaintiff Fujifilm North America Corporation is a U.S. importer of the merchandise subject. Plaintiff Fujifilm Corporation is a foreign producer and exporter of the merchandise subject. Plaintiff Fujifilm Printing Plate (China) Co. Ltd. is a foreign producer and exporter of the merchandise subject.

5. Plaintiffs are, therefore, interested parties as defined in 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A). Moreover, Plaintiffs fully participated in the proceeding being challenged. Accordingly, Plaintiffs have standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

6. The USITC published its affirmative final determination in the Federal Register on November 18, 2024. *See Aluminum Lithographic Printing Plates From China and Japan: Determinations,* 89 Fed. Reg. 90,737 (Nov. 18, 2024). And on November 22, 2024, the Department's AD Orders were published in the Federal Register. *See Aluminum Lithographic Printing Plates From Japan and the People's Republic of China: Antidumping Order; Aluminum Lithographic Printing Plates From the People's Republic of China: Countervailing Duty Order,* 89 Fed. Reg. 92,624 (Nov. 22, 2024).

7. Plaintiffs filed their Summons for this action on December 20, 2024. Therefore, Plaintiffs commenced this action within the time period specified in 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 28 U.S.C. § 2636(c).

8. In addition, Plaintiffs are filing this Complaint within thirty days of filing the Summons. Therefore, Plaintiffs have also complied with the deadline set forth in 19 U.S.C. § 1516a(a)(2)(A)(ii).

## STATEMENT OF FACTS

9. The underlying agency proceeding began in response to the submission of a petition seeking the imposition of antidumping ("AD") duties on imports of ALPs from China and Japan on September 28, 2023 and countervailing ("CVD") duties on imports from China. *See Aluminum Lithographic Printing Plates from China and Japan*, Petition for the Imposition of Antidumping and Countervailing Duties, (Sep. 28, 2023) ("the Petitions").

10. On October 4, 2023, the *Federal Register* published the USITC notice of institution for USITC's preliminary investigation. *See Aluminum Lithographic Printing Plates From China and Japan;* Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations, 88 Fed. Reg. 68,669 (Oct. 4, 2023).

11. On October 25, 2023, Commerce initiated its AD investigation. *See* Aluminum Lithographic Printing Plates From the People's Republic of China and Japan: Initiation of Less-Than Fair-Value Investigations, 88 Fed. Reg. 73,316 (October 25, 2023).

12. On November 17, 2023, the USITC rendered its affirmative preliminary injury determination, concluding that there was "reasonable indication that an industry in the United States is materially injured by reason of imports" of the subject products. *See Aluminum Lithographic Printing Plates From China and Japan*, 88 Fed. Reg. 80,338 (Nov. 17, 2023).

13. On May 14, 2024, the USITC published its notice scheduling the final phase of the injury investigation. *See Aluminum Lithographic Printing Plates From China and Japan; Scheduling of the Final Phase of Antidumping and Countervailing Duty Investigations*, 89 Fed. Reg. 41,993 (May 14, 2024). Subsequently, the USITC issued questionnaires to all known U.S. producers, U.S. importers, foreign producers and exporters and U.S. customers of ALPs. In addition, the USITC posted all of its questionnaire on its website.

14. Based on these questionnaire responses and other information submitted to or obtained by the USITC, the USITC Staff issued its Pre-Hearing Report on September 3, 2024. This Pre-Hearing Report summarized the submitted data as of that point in time.

15. Thereafter, all interested parties submitted pre-hearing briefs. Fujifilm submitted its pre-hearing brief on September 11, 2024 .

16. A public hearing was held on September 17, 2024. The hearing included testimony from Fujifilm officials and additional testimony from important ALP customers that provided sworn testimony on the real-world competitive dynamics involved in purchasing ALP.

17. After the hearing, the parties submitted post-hearing briefs. Fujifilm submitted its post-hearing brief on September 30, 2024.

18. The USITC Staff's Final Report (Staff Report) was issued on October 9, 2024. This Staff Report summarized the submitted data as of that point in time, revising the *Aluminum Lithographic Printing Plates from China and Japan; Staff Report*, *Inv. Nos. 701-TA-694 and 731-TA-1641-1642* (Oct. 9,2024) ("*Staff Report*").

19. Thereafter, interested parties filed their Final Comments. Fujifilm submitted its final comments on October 17, 2024.

20. On October 22, 2024, the USITC voted three to one in the affirmative that the domestic ALP industry was materially injured by reason of ALP imports from Japan and China. Commissioner Johanson dissented.

21. On November 12 2024 the USITC rendered its conclusion that the domestic ALP industry was materially injured by reason of ALP imports from Japan and China. This USITC decision was published in the *Federal Register* on November 18, 2024.

22. The written views of the USITC, which include the USITC's rationale for its affirmative injury determinations, are set forth in the USITC's report. *See Aluminum Lithographic Printing Plates from China and Japan, Inv. Nos. 701-TA-694 and 731-TA-1641-1642 (Final),* USITC Pub. 5559 (Nov. 2024) ("*Final Report*"). This report set forth both the majority view of Commissioners Karpel, Schmidtlein, and Kearns and dissenting views of Commissioners Johanson.

## STATEMENT OF CLAIMS

**Count One:     The USITC's Decision To Include Fujifilm-Greenwood In The Composition of The Relevant Domestic Industry Reflected An Unlawful Interpretation of the Statute And Was Also Not Supported by Substantial Evidence on the Record.**

23. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 22.

24. The statutory framework requires the Commission to define a "domestic industry" at the outset of each investigation. 19 U.S.C. § 1677(4). The statute defines "domestic industry" as all U.S. producers of the domestic "like product." 19 U.S.C. § 1677(4)(A).

25. The Commission has discretion to exclude certain domestic parties if they are related to a foreign producer or have been importing subject merchandise. 19 U.S.C.

§ 1677(4)(B). But regardless of how it exercises that discretion, the USITC has separate obligations under the statute to make an objective decision that reflects all relevant economic factors and analyzes the impact on the <u>current</u> domestic industry in light of unique conditions of competition. See 19 U.S.C. § 1677(7)(C)(iii); 19 U.S.C. § 1677(7)(B)(ii); 19 U.S.C. § 1671d(b)(1)(A) and 19 U.S.C. § 1673d(b)(1)(A).

26. In the underlying injury investigation, the evidentiary record demonstrated that Fujifilm had made the decision to permanently close Fujifilm Greenwood prior to the investigation period. *Staff Report* at n. 7. Fujifilm Greenwood had ceased all production before the last 24 months of the investigation period. Notwithstanding the complete termination of Fujifilm-Greenwood's U.S. production, the USITC included Fujifilm-Greenwood as part of the current domestic industry to be analyzed.

27. This USITC domestic industry composition decision reflected an unlawful interpretation of the statute because it did not reflect the current domestic industry and was also unsupported by substantial evidence on the record.

**Count Two:       The USITC's Conclusion Of Significant Adverse Volume Effects Is Not Supported by Substantial Evidence and Is Otherwise Not In Accordance With Law**

28. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 27.

29. Pursuant to 19 U.S.C. § 1677(7)(C)(i), the Commission is directed to "consider whether the volume of imports of the merchandise, or any increase in that volume, either in absolute terms or relative to production or consumption in the United States, is significant."

30. In its Final Determination, the USITC largely ignored substantial evidence that provided important context as to why the increase in ALP imports from Japan could not be considered significant in any economically meaningful sense, including, *inter alia*, substantial evidence that the virtually all of the increase was Fujifilm simply replacing volume that Fujifilm-Greenwood had previously supplied and substantial evidence that ALP customers chose suppliers for reasons other than the ALP product price.

31. As such, the USITC's conclusion of significant volume effects from ALP imports from Japan and China is not supported by substantial evidence and is otherwise not in accordance with law.

**Count Three:     The USITC's Conclusion Of Significant Adverse Price Effects Is Not Supported by Substantial Evidence and Is Otherwise Not In Accordance with Law**

32. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 31.

33. Under the statute, the Commission considers possible adverse price effects from subject imports on domestic prices from several perspectives. The Commission examines whether domestic prices have been "depressed" (in other words, have domestic prices declined), whether domestic prices have been "prevented" from increasing (in other words, are increasing domestic prices lower than would have been expected giving changing costs), and whether there has been "underselling" (in other words, have subject import prices been lower than comparable domestic prices). These perspectives are different ways to approach the overarching legal question of "the effects" of subject

imports on domestic prices, and whether domestic prices have been adversely affected to a "significant" degree by subject imports.

34.     The statute makes explicit that the focus is on the "the effect of" the subject imports on domestic prices, not domestic prices in isolation.  Thus, if domestic prices are falling for other reasons, those falling prices are not "the effect" of subject imports and cannot establish adverse price effects.  The statute also makes explicit that any price depression, price suppression, or price underselling must be to a "significant" degree.  Any underselling must be "significant price underselling."

35.     The USITC largely ignored these statutory mandates in its analysis of whether subject ALP imports from Japan and China were having adverse effects Kodak's selling prices.  As such, the USITC's conclusion of adverse price effects from ALP subject imports from Japan and China is otherwise not in accordance with law.

36.     In addition, the USITC's conclusion of adverse price effects from subject ALP imports from Japan and China is also unsupported by substantial evidence.  In rendering its determination, the USITC largely ignored the fact that domestic industry prices increased over the full period therefore there was no price depression.  The USITC largely ignored the fact that prices increased relative to cost and therefore there was no price suppression.  And the USITC largely ignored the fact that, whatever underselling existed, there was little evidence that domestic prices were actually adversely effected by this underselling.  Although the USITC collected the data and the USITC majority determination mentioned the data, the USITC majority analysis largely disregarded these key facts.

37. As such, the USITC's final determination is not supported by substantial evidence.

**Count Four:     The USITC's Conclusion Of Significant Adverse Impact Is Not Supported by Substantial Evidence and Is Otherwise Not In Accordance with Law**

38. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 37.

39. In examining the impact of the subject imports on the domestic industry, the Commission "shall evaluate all relevant economic factors which have a bearing on the state of the industry." 19 U.S.C. § 1677(7)(C)(iii). Although many factors are enumerated, no single factor is dispositive and all relevant factors are considered "within the context of the business cycle and conditions of competition that are distinctive to the affected industry." *Id*. The Commission must also examine factors other than the subject imports to ensure that it is not inappropriately attributing injury from other factors to the subject imports, thereby inflating an otherwise tangential cause of injury into one that satisfies the statutory material injury threshold.

40. Moreover, this analysis of any adverse impact focuses on the present, not the past. The Commission collects information for a historical period of investigation to provide context for a decision about the present condition of the domestic industry. The statute directs the Commission to determine whether a domestic industry "is materially injured" or "is threatened with material injury." 19 U.S.C. § 1673d(b)(1)(antidumping cases); 19 U.S.C. § 1671d(b)(1)(countervailing duty cases). This use of the present tense

makes explicit the Commission's determination must be about the present situation of the industry and not the past.

41.    The USITC did not comply with these statutory directives and therefore the USITC's final determination is not in accordance with law.

42.    In addition, the USITC's conclusion of adverse impact from subject ALP imports from Japan and China is also unsupported by substantial evidence.  In rendering its determination, the USITC largely ignored the fact that, Kodak, the sole U.S. producer, had increasing profitability over the investigation period.  The USITC also effectively ignored the fact that there was no correlation between trends in subject imports and domestic industry profitability.  Finally, the USITC effectively ignored the effect of non-subject imports.  Although the USITC collected the data and the USITC majority determination mentioned these points, the USITC majority analysis largely disregarded these key facts.

43.    As such, the USITC's final determination is not supported by substantial evidence.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court enter judgment as follows:

(A)     Enter judgment in favor of Plaintiffs;

(B)     Hold as unlawful the USITC's final injury determination that is the subject of this Complaint,

(C)     Remand this proceeding to the USITC with instructions to publish a revised final injury determination in conformity with the Court's decision; and

(D)     Grant Plaintiffs such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
James P. Durling

**Curtis Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
202-452-7340

*Counsel for Plaintiffs*

Dated: January 15, 2025