UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **FUJIFILM NORTH AMERICA CORPORATION, FUJIFILM CORPORATION, AND FUJIFILM PRINTING PLATE (CHINA) CO. LTD.,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant,<br><br>**EASTMAN KODAK COMPANY,**<br><br>Defendant-Intervenor. | Court No. 24-00251 |

**ORDER**

Upon Consideration of Plaintiffs' Response in Opposition to Defendant's Partial Consent Motion to Reschedule Oral Argument, it is hereby

**ORDERED** that the motion is **DENIED**.


Dated:_____          _____
    New York, New York                                         Jennifer Choe-Groves, Judge

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| FUJIFILM NORTH AMERICA CORPORATION, FUJIFILM CORPORATION, AND FUJIFILM PRINTING PLATE (CHINA) CO. LTD., <br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>EASTMAN KODAK COMPANY,<br><br>Defendant-Intervenor. | Court No. 24-00251 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL CONSENT MOTION TO RESCHEDULE ORAL ARGUMENT**

Pursuant to Rule 7(d) of the U.S. Court of International Trade, Plaintiffs, respectfully oppose Defendant's Partial Consent Motion to Reschedule Oral Argument ("Defendant's Motion").[1]

In Defendant's Motion, the United States International Trade Commission submits that holding argument on December 10, 2025, "poses serious difficulty for Christopher W. Robinson, the primary counsel for the Commission in this proceeding."[2] According to Defendant, the serious difficulty manifests itself in the form of the days leading up to and including the expected birth of Mr. Robinson's child on December 14, 2025, and the 14-week parental leave that

---

[1] ECF No. 42.

[2] *Id.* at 1-2.

follows.  Also, according to Defendant, "{n}o other counsel from the Commission is available to argue this matter on the schedule date."[3]  Before addressing the basis for Plaintiffs' opposition, Plaintiffs would like to sincerely congratulate Mr. Robinson on the forthcoming birth of his child.

That having been said, Defendant's Motion does not conform to this Court's Order granting an extension of time for the filing of the Rule 56.2 briefs,[4] its Standing Order on Amending Schedule,[5] or the first rule of the U.S. Court of International Trade.  Furthermore, Defendant's Office of General Counsel is fully staffed and in no need of additional assistance.

On February 28, 2025, this Court issued its Scheduling Order.[6]  More than four months later, on July 7, 2025, this Court granted Plaintiffs' Consent Motion for Extension of Time to file their Rule 56.2 briefs ("Plaintiffs' Motion").[7]  In Plaintiffs' Motion, they informed the Court that, instead of agreeing to a commensurate one-week extension to file its responsive brief, Defendant leveraged its position to obtain a two-week extension to file same.[8]  Moreover, Plaintiffs agreed to a substantially extended briefing schedule to accommodate the preferences of Defendant and Defendant-Intervenor by providing them with over three weeks beyond the 60-day default reply period set forth in Rule 56.2(d).[9]  Plaintiffs also alerted Defendant and Defendant-Intervenor that they would not consent to any further requests for extension from either party,[10] yet here we are.

---

[3]  *Id.* at 2-3 (detailing the workload of the Supervising Attorney and that of "{a}ll other line attorneys in the Commission's Office of General Counsel."

[4]  Order, ECF No. 30.

[5]  extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.cit.uscourts.gov/sites/cit/files/Choe-Groves.StandingOrder.AmendingSchedule.pdf

[6]  Order, ECF No. 23.

[7]  Order, ECF No. 30.

[8]  Plaintiffs' Motion, ECF No. 29.

[9]  *Id.*

[10]  *Id.*

This Court's Amended Scheduling Order granting Plaintiffs' Motion stated, in part, the following:

> While the Court will consider timely requests based on a showing of good cause, the Parties should seek to limit the need for extension to short periods to address unexpected conflicts."[11]

This Court's "Standing Order on Amending Schedule" mirrors, *inter alia*, the foregoing.[12]

Defendant's request is neither for a short period nor based on an unexpected conflict. First, Defendant's requested extension cannot be characterized as a "short period." Indeed, Defendant requests at least a 127-day extension of the date on which oral argument in this case is to be held. As of November 17, 2025, the briefing in this case will be complete. Therefore, as a practical matter, Defendant's request is not for 127 days, but for 150 days. In either case, the length of time requested by Defendant is not a short period. Second, Defendant's conflict on which it bases its request is not unexpected. As set forth above, this Court Scheduling Order was issued on February 28, 2025, and amended on July 7, 2025. Within one month of this Court issuing its Scheduling Order, the birth of Mr. Robinson's child was likely expected. If not, certainly by the issuance of this Court's Amended Scheduling Order, the birth of the child was expected. Instead of addressing the deadline when the conflict first became evident, Defendant procrastinated by not bringing the scheduling conflict to the Court's attention on its own volition. Even after the conflict was evident, Defendant failed to address it in the discussions leading up to this Court Amending the Scheduling Order in July 2025. This Court should not reward Defendant for its own lack of diligence.

---

[11] ECF 30 at 3.

[12] Standing Order Amending Schedule, *available at* https://www.cit.uscourts.gov/sites/cit/files/Choe-Groves.StandingOrder.AmendingSchedule.pdf (last visited September 26, 2025).

3

That other attorneys are also busy with cases such that they cannot substitute for Mr. Robinson at the argument is no basis to grant Defendant's Motion. Indeed, to grant Defendant's Motion on such grounds would raise the importance level of the administrative proceedings and court appeals of Mr. Robinson's Supervisor and of the other Defendant's attorneys above that of the instant appeal. Moreover, Defendant recognizes that its staff can handle the workload. As set forth in Defendant's Budget Justification for Fiscal Year 2026, its FY 2025 Hiring Plan was to have a total of 58 employees in the Office of General Counsel.[13] As of the beginning of this calendar year, the Office was fully staffed with 58 employees.[14]

Furthermore, Plaintiffs have the same right to a speedy trial as does the Defendant and those parties that oppose Defendant, whether in administrative proceedings or on appeal. Indeed, the first Rule of this Court states:

> {The Rules} should be construed, administered, and employed by the court and parties to secure the just, *speedy,* and inexpensive determination of every action and proceeding.[15]

Last, but not least important, is that Plaintiffs share Defendant's pain. Plaintiffs' counsel are also busy on other cases and try and take time away from the office. Nonetheless, Plaintiffs' counsel arranged their busy schedules well in advance such the days leading up to and including December 10, 2025, were reserved for preparing for and participating in oral argument in this case.

---

[13] Budget Justification, Fiscal Year 2026, United States International Trade Commission at 63, *available at* https://www.usitc.gov/documents/fy_2026_congressional_budget_justification.pdf (last visited September 26, 2025).

[14] *Id.*

[15] CIT R. 1 (emphasis added).

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion.

Respectfully submitted,

*/s/ Daniel L. Porter*

Daniel L. Porter
William C. Sjoberg
Pillsbury Winthrop Shaw Pittman LLP
1200 17th Street, NW
Washington, DC 20036
(202) 663-8140

*Counsel for Fujifilm North America Corporation, Fujifilm Corporation, Fujifilm Printing Plate (China) Co. Ltd.*